IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

|  |  |
|---|---|
| | * |
| UNITED STATES OF AMERICA | |
| | * |
| v. | No. RDB-13-530 |
| | * |
| KENNETH ROBINSON, et al. | |
| (Def: JEFFREY CLARK) | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MOTION TO REQUIRE PROSECUTION
## TO REVIEW AND CONFIRM WITNESS BACKGROUNDS

Comes now the Defendant herein, Jean-ClaudeClark, through his counsel,

Michael D. Montemarano, Esq., and Michael D. Montemarano, P.A., court-appointed counsel

pursuant to the CJA, and in order to allow Mr.Clark the opportunity to file appropriate pretrial

motions, hereby moves this Court to enter an Order directing, requiring and compelling the

prosecution to verify to the Court and the defense that it has properly, adequately and thoroughly

vetted its prospective law enforcement witnesses, cooperators and experts, and has thereby

confirmed their backgrounds, qualifications, honesty and other pedigree information, and further

has provided all necessary and required background information relative thereto as required by

Fed. R. Crim. P. 16, in particular expert witness materials, and in support thereof does state as

follows:

Within the past several years it has come to light  that a continued and ongoing

fraud repeatedly was perpetrated upon the state and federal courts in this district over the course

of nearly thirty years by Joseph Kopera, a former employee of the Baltimore City Police and

Maryland State Police, without the discovery or amelioration thereof by any prosecutorial or law

enforcement agency.  This is an occurrence which is neither unique nor uncommon; similar

expert witness issues have arisen in many states, including most recently North Carolina, Illinois, West Virginia and Texas and Colorado, at the least.  In late 2012, notwithstanding this matter having come to light in many states, there apparently has been no systematic addressing of the potential for this kind of problem, as it has arisen in the Massachusetts State Police crime lab involving 40,323 criminal cases over a course of seven years, with over 300 persons have been released, and an estimate of over 2,000 persons wrongfully imprisoned.  This has led to a jail sentence for one chemist, pending charges against another, and the resignation of other employees and at least one  prosecutor.  The effect of this has stretched as far as the federal courts in Massachusetts. *See* http://www.boston.com/news/local/massachusetts/2013/09/16/ dookhan-drug-lab-scandal-making-its-way-into-federal-court-system-massachusetts/sbEaRc2rF XhjuX8z098LNI/story.html.  In March, 2013, the report of an investigation of the the the Colorado state toxicology laboratory revealed that designated procedures had not been followed, requiring retesting of many samples.

Nor is this unique to state criminal justice systems, as earlier in 2013 the FBI interceded to delay the execution of an inmate in Mississippi, due to fraudulent and false testimony by its hair examiners at his trial, which intercession was a part of an ongoing investigation by the FBI into its forensic practices.  "With Hours to Go, Execution is Postponed," *New York Times,* May 7, 2013, at (http://www.nytimes.com/2013/05/08/us/willie-j-manning-granted-stay-of-execution.html?_r=0).  Likewise, the Florida Supreme Court reversed a capital conviction in November, 2013, on actual innocence grounds, due to expert testimony regarding evidence which did not exist.  *State v. Swafford,* http://www.floridasupremecourt.org/ decisions/2013/sc10-1772.pdf.

In this district, the failure of the United States Attorney's Office to vet its witnesses has led to the prosecution of corrupt Baltimore police officers within the past few years (Daniel Redd, Mark Lunsford, Kenneth Rambaugh),[1] and the grant of habeas relief to criminal defendants based upon the nondisclosure of their misconduct. *See United States v. Fisher,* — F.3d —, 2013 WL 1286985 (4th Cir. 2013).

This sort of lengthy and ongoing misconduct is not solely limited to the realm of expert witness testimony, as within the past few years there has been a revealed that a years-long conspiracy in the Boston office of the FBI to cover up murders by police informants led to the wrongful incarceration of individuals whom law enforcement knew to be actually innocent, leading to a multi-million dollar civil settlement, as well as repeated instances of withholding of evidence by government attorneys which should have been disclosed by them, which has led to mistrials.  This form of misconduct has not taken place solely in the context of career criminals, gang prosecutions and terrorist incidents like Oklahoma City, but also has extended to the prosecution of members of the Senate, e.g., the late Sen. Ted Stevens (R-AK).   In addition, a former Texas state prosecutor – now a judge -- recently has entered a guilty plea  requiring a jail sentence and disbarment for his withholding of evidence in a murder case, http://www.nytimes.com/2013/11/09/opinion/a-prosecutor-is-punished.html.  Similarly, the Florida Supreme Court referenced the withholding of *Brady* material in its opinion in *Swafford, supra.*

---

[1]  Undersigned counsel must note that earlier iterations of the instant motion, filed in other cases, referenced no BPD officers, then one such officer, then two, now three, and further would observe that this does not include the conviction of two BPD officers in 2006 before this Court, in *United States v. King, et al.*, #JFM-05-203.  It cannot be known how many more times counsel will be required to update this motion.

It therefore is plain, the defense submits, that the government cannot be entrusted with the sole duty of ensuring the accuracy and completeness of the backgrounds and qualifications of the government's witnesses, witnesses who have not yet been identified to the defense and whom the defense cannot begin to investigate.  The defense cannot know if the alleged backgrounds and qualifications regarding government witnesses are indeed as they may choose to testify, or if the deception extends to pulling the wool over the eyes of the prosecution, an exercise in which the government has been participatory in the past.  As an initial step, the defense submits that the Court must obligate the prosecution to move proactively and to vet its witnesses, and to confirm this to the Court and to the defense well in advance of the disclosure of such witnesses to the defense.

Pursuant to this request, the defense moves that the prosecution be obligated to review the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, or persons who may have had substantial contact with and influence upon witnesses in this matter, including testifying officers and agents who may have been controlling or contacting any confidential informants or cooperators in this matter. Mr.Clark requests that these files be reviewed by the government attorney for *potential* evidence of perjurious conduct or other like dishonesty, for complaints or sanctions imposed for failure to abide by policies instituted by their employees, and for their reputed or claimed qualifications and educational and training backgrounds, to ensure that claimed qualifications are indeed accurate and complete, and for any contradictory information regarding or any other material relevant to impeachment, or any information that is exculpatory.

4

The defense submits that the prosecution must undertake this pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (*in camera* review of agent's personnel file necessary regarding bribery allegations).  The defense submits that as a part of this obligation, the prosecution must review the educational and professional background and qualifications of all of its expert witnesses, especially in light of recent developments in this and other jurisdictions regarding nonexistent, overblown and falsified expert qualifications.

The defense submits that an obligation to examine files on the part of the government arises by virtue of the defense making a demand for their review:  the Ninth Circuit in *Henthorn, supra,* remanded for in camera review of the agents's files because the prosecution failed to examine the files of agents who testified at trial.  The defense also notes that although the Ninth Circuit in *United States v. Jennings,* 960 F.2d 1488, 1492 (9th Cir. 1992), refused to require the prosecutor to personally review each file, it did reaffirm the prosecution's affirmative duty to inspect these files and to be aware of the matters underlying this defense request.

The defense further submits that, pursuant to *Spicer v. Roxbury Correctional Institution*, 194 F.3d 547 (4th Cir.1999), prior inconsistent statements of government witnesses, and other materials which demonstrate such inconsistencies, must be disclosed immediately to the defense, as such items constitute *Brady* material.   This includes inconsistent statements by cooperators, as well as inconsistent attorney proffers in cooperation cases.

WHEREFORE, for the foregoing reasons, Defendant Jeffrey Clark respectfully requests this Honorable Court to direct, require and compel the prosecution to verify that it has

undertaken an independent verification of the background, qualifications and honesty of its law

enforcement, cooperator and expert witnesses, of their compliance with departmental policies

and procedures, and to provide to the defense any materials bringing into question any of the

aforesaid matters.

Respectfully submitted,

April 14, 2014                                  _____/s/_____
                                               MICHAEL D. MONTEMARANO

                                               Michael D. Montemarano, P.A.
                                               10630 Little Patuxent Parkway
                                               Suite 146
                                               Columbia, Maryland  21044
                                               (410) 992-0067/Fax 992-6915
                                               Counsel of Record/CJA Counsel
                                                   For Defendant Jeffrey Clark

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or before this 14th day of April, 2014, a copy of the

foregoing

(1) *Motion to Compel Prosecution to Review and Confirm Witness Backgrounds*;

was filed via CM/ECF, and served as well via direct email, on Ayn Ducao, Esq., Assistant

United States Attorney, Office of the United States Attorney, Suite 400, 36 South Charles Street,

Baltimore, MD 21202.

                                               _____/s/_____
                                               MICHAEL D. MONTEMARANO