FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 MAY -6 P 4: 19
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY

ABD:2013R00560

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. RDB-13-530** |
| **v.** | * | |
| | * | **(Conspiracy to Commit Sex Trafficking, 18 U.S.C. § 1594(c); Sex Trafficking, 18 U.S.C. § 1591(a); Use of Interstate Facilities to Promote Enterprise involving Prostitution Offenses, 18 U.S.C. § 1952(a)(3); Aiding & Abetting, 18 U.S.C. § 2)** |
| **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith,"** | * | |
| **ERIC EVANS, a/k/a "E"** | * | |
| **JEFFREY CLARK, a/k/a "Cripple on a Budget,"** | * | |
| **CRAIG JUDY,** | * | |
| **CHERALYN CRAWFORD, a/k/a "Rachel,"** | * | |
| **Defendants.** | * | |

*******

**SECOND SUPERSEDING INDICTMENT**

**COUNT ONE**
**(Conspiracy to Commit Sex Trafficking)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Second Superseding Indictment,

1. Defendant **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith,"** was a resident of Maryland and was born in either 1962 or 1964.

2. Defendant **ERIC EVANS, a/k/a "E,"** was a resident of Maryland and was born in either 1976 or 1978.

3. Defendant **JEFFREY CLARK, a/k/a "Cripple on a Budget,"** was a resident of Maryland and was born in 1970.

4. Defendant **CRAIG JUDY** was a resident of Maryland and was born in 1984.

5. Defendant **CHERALYN CRAWFORD, a/k/a "Rachel,"** was a resident of Maryland and was born in 1988.

**The Minor Sex Trafficking Victim**

6. At all times relevant to this Second Superseding Indictment, a minor female, "TW," was a victim of the crimes alleged herein. "TW" was a resident of Maryland, was born in 1999 and was under the age of 18.

**The Conspiracy**

7. Beginning on at least May 12, 2013 and continuing through on or about June 17, 2013, in the District of Maryland and elsewhere, the defendants,

**KENNETH RONALD ROBINSON,**
**a/k/a "Kenny,"**
**a/k/a "Keith,"**
**ERIC EVANS,**
**a/k/a "E,"**
**JEFFREY CLARK,**
**a/k/a "Cripple on a Budget,"**
**CRAIG JUDY,**
**CHERALYN CRAWFORD,**
**a/k/a "Rachel,"**

and others, known and unknown to the Grand Jury, did combine, conspire, confederate and agree with others known and unknown to the Grand Jury to violate Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2), that is,

a. in and affecting interstate and foreign commerce, to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means "TW", and

b. to knowingly benefit financially and by receiving anything of value from participation in a venture engaged in acts described in subparagraph 7(a) above,

knowing, and in reckless disregard of the fact a person, namely "TW", and having had a

reasonable opportunity to observe "T.W.", had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**Manner and Means of the Conspiracy**

8. It was part of the conspiracy that **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, received monies and other things of value by having the minor victim, "TW," engage in commercial sex acts.

9. It was further part of the conspiracy that **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, used vehicles, public highways, hotels, private residences, telephones and the Internet to facilitate the commercial sex acts.

**Overt Acts**

10. In furtherance of the conspiracy, and to effect the objects thereof, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, committed the following overt acts in the District of Maryland and elsewhere:

a. At some time between May 12, 2013 and June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN**

**CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, instructed the minor victim, "TW," on pricing for different sexual activities.

b. On or about June 7 through June 10, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E,"** and others both known and unknown to the Grand Jury, arranged for the transportation of and transported the minor victim, "TW," to the Comfort Inn in Towson, Maryland, and the Best Western in Towson, Maryland, where she was directed to meet with commercial sex customers for prostitution.

c. On or about June 7 through June 10, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E,"** and others both known and unknown to the Grand Jury, took photographs of the minor in sexually explicit poses.

d. On or about June 7 through June 10, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E,"** and others both known and unknown to the Grand Jury, used an instrument capable of accessing the Internet to post the photographs of the minor victim, "TW," on backpage.com, an online advertising website, and listed a telephone number where the minor could be reached for a "date," or a commercial sex act.

e. On or about June 7 through June 10, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E,"** and others both known and unknown to the Grand Jury, used a cellular phone to field responses to the backpage.com advertisement for the minor victim.

f. On or about June 7 through June 10, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," ERIC EVANS, a/k/a "E,"** and others both

known and unknown to the Grand Jury, rented a room at the Comfort Inn in Towson, Maryland, and the Best Western in Towson, Maryland, for the minor victim, "TW," to use during her "dates," or commercial sex acts.

g. On or about June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, arranged for the transportation of and transported the minor victim, "TW," to the Towson East Motel in Towson, Maryland, where she was directed to meet with commercial sex customers for prostitution.

h. On or about June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, took photographs of the minor in sexually explicit poses.

i. On or about June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, used a cellular "Smart" telephone capable of accessing the Internet to post the photographs of the minor victim, "TW," on backpage.com, an online advertising website, and listed a telephone number where the minor could be reached for a "date," or a commercial sex act.

j. On or about June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY,**

**CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, used a cellular phone to field responses to the backpage.com advertisement for the minor victim.

k. On or about June 17, 2013, **KENNETH RONALD ROBINSON, a/k/a "Kenny," a/k/a "Keith," JEFFREY CLARK, a/k/a "Cripple on a Budget," CRAIG JUDY, CHERALYN CRAWFORD, a/k/a "Rachel,"** and others both known and unknown to the Grand Jury, rented a room at the Towson East Motel in Towson, Maryland, for the minor victim, "TW," to use during her "dates," or commercial sex acts.

18 U.S.C. § 1594(c)

**COUNT TWO**
**(Sex Trafficking)**

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 6 and 8 through 10 of Count One of this Second Superseding Indictment are incorporated by reference here.

2. From on or about May 12, 2013, continuing through on or about June 17, 2013, in the District of Maryland and elsewhere, the defendants,

**KENNETH RONALD ROBINSON,**
**a/k/a "Kenny,"**
**a/k/a "Keith,"**
**ERIC EVANS,**
**a/k/a "E,"**
**JEFFREY CLARK,**
**a/k/a "Cripple on a Budget,"**
**CRAIG JUDY,**
**CHERALYN CRAWFORD,**
**a/k/a "Rachel,"**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, "TW," and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause "TW" to engage in a commercial sex act, and knowing, and in reckless disregard of the fact, and having had a reasonable opportunity to observe "TW," that "TW" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a)
18 U.S.C. § 2

**COUNT THREE**
**(Use of Interstate Facilities to Promote Enterprise involving Prostitution Offense)**

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 6 and 8 through 10 of Count One of this Second Superseding Indictment are incorporated by reference here.

2. From on or about May 12, 2013, continuing through on or about June 17, 2013, in the District of Maryland and elsewhere, the defendants,

**KENNETH RONALD ROBINSON,**
**a/k/a "Kenny,"**
**a/k/a "Keith,"**
**ERIC EVANS,**
**a/k/a "E,"**
**JEFFREY CLARK,**
**a/k/a "Cripple on a Budget,"**
**CRAIG JUDY,**
**CHERALYN CRAWFORD,**
**a/k/a "Rachel,"**

used a facility in interstate and foreign commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of the State of Maryland and of the United States, and thereafter performed and attempted to perform an act that promoted, managed, established, carried on and facilitated the promotion, management, establishment and carrying on of said unlawful activity.

18 U.S.C. § 1952(a)(3)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1954(e)(1) and (2), in the event of a conviction on Counts One or Two of this Second Superseding Indictment; and

2. As a result of the offenses set forth in Counts One and Two of this Second Superseding Indictment, defendants,

**KENNETH RONALD ROBINSON,**
**a/k/a "Kenny,"**
**a/k/a "Keith,"**
**ERIC EVANS,**
**a/k/a "E,"**
**JEFFREY CLARK,**
**a/k/a "Cripple on a Budget,"**
**CRAIG JUDY,**
**CHERALYN CRAWFORD,**
**a/k/a "Rachel,"**

shall forfeit to the United States of America:

a. Any property, real or personal, constituting, traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from the offense;

b. The defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. If any of the property described above as being subject to forfeiture pursuant to 18 U.S.C. 1594(e)(1) and (2), as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

18 U.S.C. 1594(e)
28 U.S.C. § 2461(c)

Rod Rosenstein / AOD

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

FOREPERSON

5/6/14

DATE